UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON THOMPSON,
   Plaintiff,

vs.                                                                 No. 10-1200

Dr. VADE, et. al,
   Defendants

MERIT REVIEW ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff's complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. §1915A. The plaintiff has filed 24 lawsuits since February 25, 2010 and continues to repeat claims he has already brought before this court. *See Thompson v. Quinn,* Case No. 10-1082, *Thompson v. Reed,* Case No. 10-1182. In the case at bar, the plaintiff again alleges a lack of medical care and provides a general list of allegations that do not state a violation of his constitutional rights. *See Thompson v Quinn,* Case No. 10-1065; *See Thompson v Quinn,* Case No. 10-1051; *Thompson v Randle,* Case No. 10-1156; *Thompson v Taller,* Case No. 10-1162; and *Thompson v Reed,* 10-1182. The cumulative effect of the plaintiff's lawsuits clogs the court process and burdens court staff to the detriment of litigants with meritorious claims. In addition, the plaintiff continued pursuit of the same claims against the same defendants borders on harassment.

     The plaintiff is again admonished that if he continues to file multiple lawsuits repeating the same allegations, he could face sanctions up to and including an order that all papers he tenders to the clerk of the court be returned unfiled until he pays all outstanding fees in all civil actions he has filed. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).

**IT IS THEREFORE ORDERED:**

    1)    **The plaintiff's complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 3], and this case is closed, with the parties to bear their own costs.**

    2)    **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is**

        **directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

3)    **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

4)    **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

5)    **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 1st day of July, 2010.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE